UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:16-cr-189-J-39MCR

ANTHONY ROBERT VARSALONA
a/k/a Tony Jesus FBI
_____/

**ORDER**

**THIS CAUSE** is before the Court after a competency hearing held on October 3, 2017, pursuant to 18 U.S.C. § 4247(d), and a status conference held on November 2, 2017.

As stated at the status conference, on February 21, 2017, the Court found Defendant incompetent to stand trial and committed him to the Attorney General for hospitalization and treatment under 18 U.S.C. §§ 4241(d) and 4247(b), for a reasonable period of time up to four months. The Court ordered, among other things, a report to be prepared and submitted to the Court, stating, in the event that Defendant is still incompetent, whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed. (Doc. 23 at 3.)

On August 1, 2017, the Warden at FMC Butner where Defendant was held for a competency restoration study, submitted a letter to the Court, which provides that Defendant remains incompetent to proceed to trial. As far as whether there is a substantial probability that in the foreseeable future Defendant

will attain the capacity to permit the trial to proceed, the Warden's letter provides that Defendant needs to be involuntarily medicated in order to restore his competency to proceed to trial. Similarly, Dr. Wadsworth's report attached to the Warden's letter states that a substantial probability exists that Mr. Varsalona's competency to stand trial can be restored with appropriate treatment with antipsychotic medicine. Because Defendant was not willing to accept psychotropic medications voluntarily, the staff at FMC Butner requested a court order before commencing such treatment involuntarily.

However, at the competency hearing on October 3, 2017, the Government informed the Court that it would not pursue forced medication of Defendant. The Government requested the Court to find that Defendant remains incompetent and that there is not a substantial probability that within a reasonable period of time he will attain the capacity to permit the proceedings to go forward. The Court agrees with the Government that based upon the evidence and the parties' positions, Defendant is mentally incompetent to stand trial. However, as explained at the status conference, the evidence before the Court does not directly address the issue whether there is a substantial probability that within a reasonable period of time Defendant will attain the capacity to permit the proceedings to go forward.

In light of the evidence presently before the Court and the lapse of time since Defendant was last evaluated at FMC Butner, the Court finds that the most

reasonable approach under the circumstances is to order Defendant's return to FMC Butner for an expedited, up-to-date evaluation and issuance of an updated psychiatric or psychological report specifically addressing the issue whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the trial to proceed. As previously ordered, the report shall include the following:

    (1) Defendant's history and present symptoms;

    (2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3) The examiner's findings;

    (4) The examiner's opinions as to diagnosis and prognosis;

    (5) Whether Defendant suffers from a mental disease or defect rendering Defendant mentally incompetent to the extent that Defendant is unable to understand the nature and consequences of the proceedings against Defendant or to assist properly in his defense; and

    (6) If Defendant continues to be found incompetent, determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

This psychiatric or psychological report, prepared by the examiner designated to conduct the psychiatric or psychological examination pursuant to 18 U.S.C. § 4247(c), shall be filed with the Court and furnished to the following individuals:

    Brian J. Davis, United States District Judge, 300 North Hogan Street,

Suite 11-400, Jacksonville, Florida, 32202;

Monte C. Richardson, United States Magistrate Judge, 300 North Hogan Street, Suite 5-411, Jacksonville, Florida, 32202;

Laura Taylor, Assistant United States Attorney, 300 North Hogan Street, Suite 700, Jacksonville, Florida, 32202; and

Waffa Hanania, Assistant Federal Public Defender, 200 West Forsythe Street, Suite 1240, Jacksonville, Florida, 32202.

Therefore, pursuant to 18 U.S.C. §§ 4241(d) and 4247(b), Defendant shall be committed for the purpose of a psychiatric or psychological examination and issuance of a report by a designated licensed or certified psychiatrist or psychologist, for a reasonable period **not to exceed two weeks** to the custody of the Attorney General, or his duly authorized representative, for placement at FMC Butner.

The United States Marshal Service for the Middle District of Florida shall expeditiously transport or make arrangement for the transport of Defendant, Anthony Robert Varsalona, to the designated facility for the purpose of the aforesaid examination. Upon completion of the examination, the United States Marshal Service shall return or make arrangements for the return of Defendant to Jacksonville, Florida, where he shall be detained, pursuant to the Court's Order of Detention Pending Trial. (Doc. 19.) Further, upon such return of Defendant, the United States Marshal shall immediately notify this Court and United States Pretrial Services.

The parties are again reminded that assuming a certificate of dangerousness is appropriate under 18 U.S.C. § 4246(a) while Defendant is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), it is the responsibility of the Director of FMC Butner to issue such a certificate and transmit it to the clerk of the court for the District in which Defendant is confined.  If such a certificate is filed in the District where Defendant is confined, the court of that District may need to hold a hearing to determine whether civil commitment would be appropriate.

In light of the foregoing, the Government's oral motion for Defendant to be committed to undergo further evaluation (**Doc. 32**) is **DENIED as MOOT**, and Defendant's oral motion for immediate release from custody (**Doc. 33**) and oral motion to dismiss the Indictment (**Doc. 34**) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on November 2, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Brian J. Davis
United States District Judge

Counsel of Record

U.S. Marshal's Service

5